UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY CRUTCHER

        Plaintiff,        Case No.

v.        Hon.

GCA SERVICES GROUP, INC. and
ABM INDUSTRIES INCORPORATED,

        Defendants.

___

**NICHOLAS ROUMEL (P37056)**
**AMANDA GHANNAM (P83065)**
**NACHT, ROUMEL & HURWITZ, P.C.**
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
*nroumel@nachtlaw.com*
*aghannam@nachtlaw.com*

___

**COMPLAINT AND JURY DEMAND**

Plaintiff Jody Crutcher makes her complaint of sex and age discrimination against Defendants, her former employers, as follows:

**Parties and Jurisdiction**

1.    Plaintiff Jody Crutcher ("Plaintiff" or "Ms. Crutcher") is a 51-year-old female who resides in St. Joseph, Michigan.

2.    This lawsuit includes claims for violations of the Age Discrimination in Employment Act, 29 USC §§ 621–634; the Equal Pay Act, 29 USC §§ 206 (d); sex discrimination

under Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.*, and the Elliott-Larsen Civil Rights Act MCL § 37.2101 *et seq.*

3. This Court has subject matter jurisdiction over federal claims pursuant to 28 USC § 1331 and over state claims pursuant to 28 USC § 1367.

4. Venue is proper in the Western District of Michigan pursuant to 28 USC § 1391, as it is the district where the Plaintiff resides and one of the locations where Defendant conducts business, and one of the locations where Plaintiff has performed services for Defendant.

5. Defendant GCA Services Group Inc. ("GCA") is a Delaware corporation, with Directors residing in Texas and Georgia, and a mailing address in Missouri. It is registered with the State of Michigan Department of Licensing and Regulatory Affairs as a foreign profit corporation. Its registered agent is Michigan is National Registered Agents, Inc., 40600 Ann Arbor Rd. E., Ste. 201, Plymouth, MI 48170.

6. Defendant ABM Industries Incorporated ("ABM") is also a Delaware corporation, with Directors residing in New York. It is registered with the State of Michigan Department of Licensing and Regulatory Affairs as a foreign profit corporation. Its registered agent in Michigan is The Corporation Company, 40600 Ann Arbor Rd. E., Ste. 201, Plymouth, MI 48170.

7. ABM and GCA are affiliate companies (jointly, "the Companies"). ABM purchased GCA in 2017. At all times relevant, Ms. Crutcher was jointly employed by ABM and GCA. She was hired by ABM but received her paychecks and benefits through GCA.

8. In relevant part, the Companies provide commercial janitorial services to various entities. Most recently, GCA entered into an agreement with Entergy Nuclear Operations, Inc. ("Entergy") to provide services to their nuclear facilities in Arkansas, Michigan, Mississippi, Francisville Louisiana, and Killona Louisiana.

**General Allegations**

9. Ms. Crutcher was hired November 27, 2000 by ABM as an Account Manager, in 2015 becoming promoted to Area Manager. Her direct supervisor was Eric Conrad, a Regional Director for ABM.

10. In her employment, Ms. Crutcher provided management and oversight of the Companies' janitorial services at Entergy's various locations, where she was periodically assigned.

11. Her work performance was consistently excellent, meeting or exceeding expectations in all of her formal performance evaluations, with no documented discipline or performance issues until the incident that led to her termination in 2021.

12. An incident allegedly occurred on her first day at the Killona, Louisiana location, at the Waterford 3 Nuclear Station ("WF3") where she was assigned commencing September 30, 2020.

13. It was alleged that Ms. Crutcher, 5'2" and 125 lbs., shoved a fellow employee, a housekeeper, who was approximately 5'11" and 200 lbs.

14. Ms. Crutcher continued to work for six days after the incident before being directed to work remotely while it was investigated.

15. The Companies did not conduct a thorough, adequate or fair investigation, failing to interview several witnesses, nor consider Ms. Crutcher's defenses and spotless employment history.

16. On March 4, 2021, after abiding by all conditions of her leave, she was notified by her supervisor Mr. Conrad, and ABM Human Resources, that she was terminated.

17. After her termination, the Companies hired two significantly younger male managers at her locations, and replaced Ms. Crutcher with a male janitor, also significantly younger than she.

18. The male janitor who replaced Ms. Crutcher had previously held her position, but had since been demoted and terminated at one of the work sites for failing a drug screen.

19. Ms. Crutcher was significantly more qualified than her younger male replacement.

20. The male area managers earned approximately $10,000 more annually than Ms. Crutcher and other female managers, with no articulable justification for the difference other than gender.

21. Ms. Crutcher filed a charge with the EEOC on June 18, 2021, alleging age and gender discrimination regarding her termination and compensation.

22. She received a right to sue letter dated September 9, 2021 and files this complaint timely.

## COUNT I: SEX DISCRIMINATION
**(Federal Equal Pay Act)**

23. Defendants employed Plaintiff, a female, and male employees in jobs requiring substantially equal skill, effort and responsibility.

24. Plaintiff's duties were comparable to the duties of male employees.

25. Plaintiff was paid a lower wage than the male employee(s) doing substantially equal work. For example, her replacement is earning approximately $10,000 more than she did although he was equally or less than qualified.

26. Defendants' actions with respect to Plaintiff's pay were intentional and/or willful.

27. Defendants' actions violated the Equal Pay Act, 29 USC §§ 206 (d).

28. As a result, Plaintiff was damaged as set forth herein and below.

## COUNT II: SEX DISCRIMINATION
### (Title VII of the Civil Rights Act)

29. Defendants are employers with 15 or more employees.

30. Plaintiff was qualified for her position.

31. Plaintiff was subjected to an adverse employment action when she was compensated less than comparable males, and ultimately terminated.

32. When Plaintiff was terminated, Defendants hired younger male area managers who were less qualified than she.

33. Plaintiff was replaced by a male employee who had been demoted and terminated from a job site for failing a drug screen.

34. Plaintiff was treated adversely to her replacement and other males who committed alleged violations.

35. Defendants' actions were motivated by the fact that Plaintiff is female.

36. Defendants' actions constituted sex discrimination under Title VII of the Civil Rights Act of 1964, 42 USC 2000e, *et seq.*

37. As a result, Plaintiff was damaged as alleged herein and below.

## COUNT III: DISCRIMINATION
### Age Discrimination in Employment Act

38. Defendants are employers with 20 or more employees.

39. Plaintiff was qualified for her position.

40. When Plaintiff was terminated, Defendants hired younger male area managers who were less qualified than she.

41. Plaintiff was replaced by a younger employee who had been demoted and terminated from a job site for failing a drug screen.

42. Plaintiff was treated adversely to her replacement and younger employees who committed alleged violations.

43. Defendants' actions were motivated by the fact that Plaintiff is 51 years of age and of a class of older workers.

44. Defendants' actions constituted age discrimination under the Age Discrimination in Employment Act, 29 USC §§ 621–634.

45. As a result, Plaintiff was damaged as alleged herein and below.

### COUNT IV: SEX DISCRIMINATION
### (Michigan's Elliott-Larsen Civil Rights Act)

46. Defendant is an employer under the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq. ("ELCRA").

47. Plaintiff was qualified for her position.

48. Plaintiff was subjected to an adverse employment action when she was compensated less than comparable males, and ultimately terminated.

49. When Plaintiff was terminated, Defendants hired younger male area managers who were less qualified than she.

50. Plaintiff was replaced by a male employee who had been demoted and terminated from a job site for failing a drug screen.

51. Plaintiff was treated adversely to her replacement and other males who committed alleged violations.

52. Defendants' actions were motivated by the fact that Plaintiff is female.

53. Defendants' actions constituted sex discrimination under ELCRA.

54. As a result, Plaintiff was damaged as alleged herein and below.

## COUNT V: AGE DISCRIMINATION
### (Michigan's Elliott-Larsen Civil Rights Act)

55. Plaintiff was qualified for her position.

56. Plaintiff was subjected to an adverse employment action when she was treated less favorably than younger employees and ultimately terminated.

57. When Plaintiff was terminated, Defendants hired younger male area managers who were less qualified than she.

58. Plaintiff was replaced by a younger male employee who had been demoted and terminated from a job site for failing a drug screen.

59. Defendants' actions were motivated adversely by Plaintiff's age.

60. Defendants' actions constituted age discrimination under Title VII of the Civil Rights Act of 1964, 42 USC 2000e, *et seq.*

61. As a result, Plaintiff was damaged as alleged herein and below.

### Damages

62. Defendants' actions were done willfully with reckless indifference to Plaintiffs' rights.

63. Plaintiff has mitigated her damages in good faith.

64. Defendants' actions directly caused and proximately caused Plaintiff the following damages:

    a. *economic damages*: including but not limited to lost past and future wages, bonuses, and other potential compensation such as bonuses, pay raises, training, promotions, and enhanced retirement benefits, retroactive as may be permitted by the Lilly Ledbetter Act and otherwise; all other economic damages, incidental and consequential damages as may be proven.

b. *non-economic damages*: including but not limited to embarrassment, humiliation, outrage, pain and suffering, mental and emotional distress.

## Jury Demand

Plaintiff demands a jury trial.

## Relief Requested

*W H E R E F O R E* Plaintiff requests this honorable court grant them the following relief:

a. Actual and consequential damages as may be proven;

b. Declaratory relief recognizing that Plaintiff drivers were employees of the Defendants and that the contracts between the parties was void;

c. Declaratory relief finding that Defendants have illegally discriminated and retaliated against Plaintiffs;

d. Whatever additional injunctive and equitable relief that may be appropriate, including but not limited to invalidation of their arbitration clauses and reinstatement;

e. Punitive damages, for Defendants' willful conduct; and

f. Costs, pre- and post-judgment interest, and reasonable attorney fees.

Respectfully submitted,

NACHT, ROUMEL & HURWITZ, P.C.

*s/Nicholas Roumel*

*s/Amanda Ghannam*

Nicholas Roumel
Amanda Ghannam
Attorneys for Plaintiff

December 8, 2021